| | AUSA: A. Tare Wigod | Telephone: (313) 226-9100 |
|---|---|---|
| AO 91 (Rev. 11/11)  Criminal Complaint | Special Agent: Brady Rees | Telephone: (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.

Brock Biffle

Case No. 26-mj-30212

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 17, 2026 _____ in the county of _____ Wayne _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a controlled substance |
| 18 U.S.C. § 924(c) | Possession of a firearm in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Brady Rees, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __April 20, 2026__

_____
*Judge's signature*

City and state: __Detroit, MI__

Hon. Anthony P. Patti, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Brady W. Rees, being first duly sworn, hereby state:

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and make arrests of offenses enumerated under federal law.

2.      I have been an ATF Special Agent since January 2016, and I have had extensive law enforcement training, including the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and ATF Special Agent Basic Training. Prior to becoming an ATF Special Agent, I was a police officer with the City of Novi, Michigan, for approximately three years. I also have a bachelor's degree in criminal justice.

3.      As an ATF Special Agent, I have participated in numerous criminal investigations, including investigations involving firearms, armed drug trafficking, and criminal street gangs. I am familiar with, and have experience using, a variety of investigative techniques and resources, including physical and electronic surveillance, undercover and various types of informants, and cooperating sources.

4.      I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal

1

knowledge of the events and circumstances described herein, review of police reports, and information gained through my training and experience.

5. ATF is currently investigating Brock BIFFLE for violations of 18 U.S.C. § 922(g)(1) – felon in possession of a firearm, 21 U.S.C. § 841(a)(1) – possession with intent to distribute a controlled substance, and 18 U.S.C. § 924(c) – possession of a firearm in furtherance of a drug trafficking crime.

## PROBABLE CAUSE

6. On March 12, 2026, at approximately 8:34 p.m., Detroit Police Officer Dolly, Officer Drake, and Sgt. Anderson, members of the Detroit Police Gang Intelligence Unit, were on patrol in the area of Joy Road and Stout Street. The officers entered the parking lot located at 20221 Joy Road and observed a burgundy 2015 Dodge Ram 2500 backed into a parking space, with the front of the vehicle facing the scout car. Officers observed a suspected hand-to-hand transaction between the driver of the Dodge Ram and an unknown male. Officer Dolly observed the driver of the vehicle to be Brock BIFFLE (XX/XX/1985). Officer Dolly positively identified BIFFLE due to multiple prior contacts with him.

7. Officer Dolly also observed BIFFLE look in the direction of the scout car and then quickly drive away. Officers followed the truck. As they proceeded, Officer Dolly saw BIFFLE make a traffic infraction. In response, officers activated the emergency lights on their scout car to initiate a traffic stop.

8. Instead of stopping, BIFFLE drove eastbound on Joy Road at a high rate of speed and drove through a solid red traffic signal nearly striking other vehicles. Officer Dolly conducted a license plate check on the Dodge Ram (MI plate EXS7274) through the Law Enforcement Information Network (LEIN) and confirmed that the vehicle was registered to BIFFLE. At this juncture, the officers terminated the pursuit of BIFFLE.

9. The next day, on March 13, 2026, BIFFLE filed a police report with the Detroit Police Department, stating that his 2015 Dodge Ram 2500 was stolen on March 12, 2026. Based on what occurred the day prior, law enforcement officers believe this report was false.

10. Also on March 13, 2026, Officer Dolly utilized license plate readers to locate BIFFLE's truck and observed that the vehicle was routinely in the area of West Chicago and Evergreen in Detroit.

11. A few days later, on March 17, 2026, Sgt. Anderson located BIFFLE's 2015 Dodge Ram parked on the street at the address of 20733 West Chicago. Detroit police officers set up a surveillance operation at which time Sgt. Anderson observed a white male, later identified as Daniel Combs, walk from the rear of 20733 West Chicago, enter the 2015 Dodge Ram, and drive the vehicle into the rear area of 20733 West Chicago. During this time, Sgt. Leavy was in the area in an undercover capacity and advised units on scene that Combs parked the Dodge Ram and entered a 2025

3

Silver Nissan Sentra bearing Pennsylvania plate of MVN8121. Sgt. Leavy also observed BIFFLE seated in the front passenger seat of the silver Nissan.

12. Officers Duncan and Newson conducted a traffic stop on the silver Nissan and took BIFFLE into custody. Officer Hayes recovered multiple cellphones and brass knuckles from BIFFLE's person. BIFFLE was subsequently arrested.

13. Sgt. Leavy and Officer Toney conducted a search of the vehicle and located the following items:

    a. apartment keys,

    b. green and black scale with suspected narcotic residue on the scale,

    c. rental receipts for the Nissan in BIFFLE's name.

14. Officer Toney conducted a pat down of the driver, Daniel Combs, and recovered a "crack pipe" from inside of his back left pocket.

15. Sgt. Anderson went to leasing office of 20237 West Chicago and spoke with the leasing manager, who presented a lease agreement and confirmed BIFFLE's address was 20733 West Chicago, Apt 110. Sgt. Leavy then used the keys that were recovered out of the Nissan and confirmed that the keys lock and unlock Apartment 110 at 20733 West Chicago.

16. Sgt. Leavy transported the suspected narcotics residue from the scale to the Narcotics Unit where Officer Johnson conducted a field test, which came back positive for "fentanyl."

17.     Officer Dolly then obtained search warrant for the residence of 20733 West Chicago, Apartment 110, Detroit, Michigan 48228.

18.     Later that same day, March 17, 2026, police officers executed the search warrant at 20733 West Chicago, Apt. 110. Once the residence was secured, officers conducted a search and recovered several items from the northwest bedroom including but not limited to:

    a. One (1) knotted bag containing approximately 51.4 grams of suspected fentanyl found in the front left pocket of an orange XL Nike jacket

    b. Lottery receipts and a box of clear sandwich bags

    c. One (1) Pulsefire flame thrower with attached fuel canister

    d. Miscellaneous documents in the name of Brock BIFFLE

    e. One (1) KAK, KF-15, 5.56 caliber, semi-automatic rifle, bearing serial number KAKF00183

    f. One (1) disassembled Glock, 21, .45 caliber, semi-automatic pistol bearing serial number XHE247 and extended magazine

    g. Multiple rifle magazines and ammunition

    h. One (1) knotted bag containing eighty-six (86) Suboxone films

    i. Medicine box addressed to Brock BIFFLE

    j. $617.00 in US currency.

19.    Based on my training and experience, the quantity of narcotics along with the packaging materials, digital scale, and prior observations of law enforcement are consistent with the illegal distribution of controlled substances.

20.    On April 16, 2026, I contacted ATF Interstate Nexus Expert Special Agent Michael Jacobs and provided a verbal description of the firearms recovered from BIFFLE's apartment (one KAK, KF-15, 5.56 caliber, semi-automatic rifle, bearing serial number KAKF00183, and one Glock, 21, .45 caliber, semi-automatic pistol bearing serial number XHE247). SA Jacobs advised that the firearms were manufactured outside of Michigan and therefore have traveled in and affected interstate commerce.

21.    I reviewed a computerized criminal history for BIFFLE and saw that he was convicted of the following felony offenses:

a.  August 13, 2004, attempt deliver/manufacture marijuana;

b.  November 1, 2006, delivery of cocaine less than 25 grams (2 counts), delivery manufacture marijuana 4 – 45 kilograms, and felony firearm. BIFFLE was sentenced to 23 to 230 months' imprisonment on the two delivery of cocaine counts and 23 to 84 months' imprisonment on the delivery / manufacture of marijuana count;

c.  January 24, 2012, uttering and publishing;

d.  January 14, 2019, felony police officer–fleeing – fourth degree;

6

e. April 28, 2025, uttering and publishing. BIFFLE is currently on probation for this offense.

22. Based on the types and number of felony convictions, and his status as a probationer, probable cause exists that BIFFLE is aware that he is a convicted felon and that he is prohibited from possessing firearms. Moreover, based on my training and experience, when an individual pleads guilty to a crime, as in this case, the court advises the defendant they are pleading guilty to a felony.

## CONCLUSION

23. Based on the above facts, there is probable cause to believe that on March 17, 2026, in the Eastern District of Michigan, BIFFLE, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a KAK, KF-15, 5.56 caliber, semi-automatic rifle, and a Glock, 21, .45 caliber, semi-automatic pistol, in violation of 18 U.S.C. § 922(g)(1) – felon in possession of a firearm; knowingly possessed controlled substances with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and knowingly possessed firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

Respectfully submitted,

_____

Brady Rees, Special Agent
Alcohol, Tobacco, & Firearms

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
Hon. Anthony P. Patti
United States Magistrate Judge

Dated:  April 20, 2026

8